D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------
CAPITAL ONE, NATIONAL ASSOCIATION,

                                  Plaintiff,

-against-

ALROSE PEPPERTREE L.L.C., ALLEN ROSENBERG, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, and "JOHN AND/OR JANE DOE # 1" to "JOHN AND/OR JANE DOE # 25" inclusive, the last 25 named persons being unknown to plaintiff, the persons and parties intended being the tenants, occupants, persons, entities, or corporations, if any, having or claiming upon the premises at 6401 Jericho Turnpike, Commack, New York, a parcel of land with buildings and improvements thereon described in the complaint,

                                  Defendants.
--------------------------------------------------------------------

[Proposed]

EX PARTE ORDER APPOINTING RECEIVER

Civil Case No.: CV 11- 1526 (SJF)

      Upon the Complaint filed in the United States District Court for the Eastern District of New York, on March 29, 2011, and upon reading and filing the Affidavit of Joseph Wenk, Jr., dated March 28, 2011, as Vice President – Commercial Real Estate of Plaintiff Capital One, National Association; and it appearing to the satisfaction of the Court that this is an action to foreclosure certain leasehold mortgages upon the leasehold estate and shopping center hereinafter more particularly described, situated in the Commack, New York, in the Town of Huntington, County of Suffolk, State of New York; that in and by said mortgages, it is covenanted and agreed by the mortgagor that, in any action for foreclosure thereof, the mortgagee is entitled to the appointment of a Receiver without notice; that said mortgagor has assigned to the mortgagee all rents, income and other benefits for the use and occupancy of all of the mortgaged premises that the principal amount of $2,700,000.00, plus accrued and unpaid

interest, and other sums due under the mortgages, and underlying notes are due and unpaid; and that the appointment of a Receiver of the mortgaged premises is necessary for the protection of Plaintiff;

Now, on motion of Schiff Hardin LLP, attorneys for Plaintiff, it is

ORDERED, that <u>Jerome C. Murphy</u>, having an address at <u>2305 Grand Ave, Baldwin, NY 11570</u> whose telephone number is <u>(516) 378-1700</u> be and hereby is appointed with the usual powers and directions, and during the pendency of this action, as Receiver of the mortgaged premises herein for the benefit of mortgagee Plaintiff Capital One, National Association herein, of all the rents, profits and other revenue of the shopping center with fourteen commercial rental units known as Peppertree Commons, at 6401 Jericho Turnpike in Commack, New York, and more particularly bounded and described in Schedule "A" annexed hereto (the "Mortgaged Premises"); and it is further

ORDERED that the Receiver be and he hereby is authorized and directed to demand, collect and receive from tenants, occupants, and licenses in possession of said mortgaged premises or from any persons liable therefore all the rents and fees thereof now due and unpaid or hereafter and during the pendency of this action to become due; and it is further

ORDERED, that all persons now or hereafter in possession of the Mortgaged Premises, or any part thereof, and not holding such possession under valid and existing leases and tenancies do forthwith surrender such possession to said Receiver; and it is further

ORDERED, that the Receiver be and hereby is authorized to institute and prosecute all legal proceedings necessary or desirable for the proper care and protection of the Mortgaged Premises or to recover possession of the whole, or any part thereof, ~~and/or apply~~ to

-2-

the Court to fix reasonable rental value and license fee value and to compel any tenant and/or occupant to attorn to the Receiver; and it is further

ORDERED, that the Receiver be and hereby is authorized to employ counsel to institute, prosecute and defend suits for the collection of rents, license fees, and other charges now due or hereafter to become due or fixed, and summary proceedings for the removal of any tenant or tenants or licensees or other persons therefrom, and, if necessary, to commence or defend any environmental, bankruptcy, tort, or real estate action CONCERNING THIS PROPERTY PROCEEDING OR arising out of this proceeding; and it is further

ORDERED, that the Receiver be and hereby is authorized to lease for a term not exceeding one year or such other term as may be mandated by statute or approved by Plaintiff, the Mortgaged Premises or any part thereof which is or may become vacant; keep the Mortgaged Premises in a proper state of repair in compliance with law and insured against loss or damage by fire, and to make necessary expenditures for said purposes and for the purpose of paying the necessary running expenses of the Mortgaged Premises subject, however, to the qualification that the Receiver shall not expend in excess of THE RECEIVERSHIP ACCOUNT BALANCE $10,000.00 for any emergency repair without express written authorization from Plaintiff's counsel or further application to this Court; and it is further

ORDERED, that Defendants, their affiliates, agents, servants and attorneys, and each and every one of them be and hereby are enjoined and restrained from (1) leasing or selling any units in the mortgaged premises, (2) collecting rents, common charges, revenues, income, issues, profits, license fees, and/or use and occupancy payments in connection with the Mortgaged Premises, (3) interfering in any manner with the possession of the Receiver, (4) or interfering in any respect with the operations or property; and it is further

ORDERED, that before entering upon his/her duties, said Receiver execute and file in the Office of the Clerk of the Court for the United States District Court for the Eastern District of New York his/her undertaking in the sum of $ 250,000 conditioned for the faithful discharge of his/her duties as Receiver, and execute and file an oath that he/she will faithfully and fairly discharge the trust committed to him/her and necessary to fulfill his/her duties as Receiver; and it is further

ORDERED, that Defendants and their respective affiliates, agents, officers, employees and contractors, are hereby directed to immediately deliver or cause to be delivered to the Receiver the following: (a) all Reports and documentation concerning the ~~Ground~~ Leases and payments due thereunder; (b) all commercial tenant leases, budgets, expense figures, figures or summaries, real estate tax bills, plans and specifications for the Peppertree Commons shopping center; (c) contracts involving the shopping center operations, construction contracts, work orders, orders, leases, agreements, correspondence, notices, books and records, master keys and any other keys to the property office, insurance policies, outstanding bills, operating statement and budgets, current licenses, permits or governmental approvals, federal taxpayer identification number used in connection with the operation of the shopping center, notices of code or other violations, building or municipal code violations, utility account numbers, copies of service contracts, names and contacts of mechanical and equipment repair services who normally provide repair services to the shopping center; and (d) all monies constituting tenant rent payments, operating, reserve and/or escrow funds presently on deposit at any financial institution including, without limitation, any and all security deposits or other funds deposited in connection with the shopping center, and any interest earned thereon, to the Receiver; and it is further

-4-

ORDERED, that the Receiver deposit all monies received by him/her in his/her own name as Receiver in <ins>CHASE BANK, 25 SOUTH MAIN ST., FREEPORT, NY</ins> and such account shall show the name of this action, and that no withdrawals be made therefrom (apart from the payment of ordinary recurring expenses) except as directed by the Court or by a check signed by the Receiver, ~~and countersigned by the Receiver's surety;~~ and it is further

ORDERED, that said depository provide monthly statements of deposits into and withdrawals from said account to the receiver and also to the attorneys for Plaintiff; and it is further

ORDERED, that the Receiver be, and hereby is, authorized ~~to, upon prior notice to Plaintiff,~~ to keep the Mortgaged Premises insured against loss or damage by fire and to procure such liability insurance as may be necessary; to pay taxes, assessments, water charges and sewer rents thereon; to pay rents, fees and assessments due under the Ground Lease; to comply with all requirements of any municipal department or other governmental agency or authority having or asserting jurisdiction over the Mortgaged Premises necessary for the immediate preservation or protection thereof; and to pay the normal operating expenses necessary for the care and protection of the mortgaged premises; and it is further

ORDERED, that the Receiver, after paying the expenses of the management and care of the Mortgaged Premises ~~as above~~ provided <ins>HEREIN</ins> retain the monies that may come into his hands by virtue of the Receivership until the further Order of this Court; and it is further

ORDERED, that ~~the Receiver shall file an inventory report with the Court which contains an inventory of all property taken possession of pursuant to the Order, and~~ the Receiver

shall furnish to Plaintiff and Defendant mortgagors monthly statements of the fees and expenses incurred in operation of the Mortgaged Premises; and it is further

ORDERED, that the Receiver or any other party to this action may, at any time, upon proper and sufficient notice to all parties who have appeared herein, apply to this Court for instructions or additional powers whenever such instructions or additional powers shall be deemed necessary in order to enable the Receiver to perform properly and legally the duties of his office as Receiver; and it is further

ORDERED, that the Receiver shall be compensated for the reasonable value of his/her services rendered pursuant to the statutory rate in CPLR § 8004; OR AS OTHERWISE DECIDED BY THIS COURT ~~fees and expenses incurred by Receiver which pertain to general office administration and/or overhead shall not be paid to Receiver without prior approval of the court (such fees and expenses include, but are not limited to, office supplies, postage, telephone charges and other charges related to the overhead and office administrative costs)~~; and it is further

~~ORDERED, that Receiver should use reasonable efforts to maintain the Mortgaged Premises in at least as good condition as existed at the time Receiver took possession, excepting reasonable wear and tear and damage by any casualty; and it is further.~~

ORDERED, that notwithstanding anything to the contrary contained in this Order, the Receiver shall advise Plaintiff in writing of any need for advances for operating expenses. Any funds so advanced by Plaintiff for any such expenses or expenditures shall be secured by the lien of Plaintiff's mortgages and allowed as priority costs and expenses of protecting the property in any final judgment awarded to Plaintiff; and it is further

ORDERED, that the Receiver shall continue as Receiver until the further Order of this Court; and it is further

ORDERED, that the Receiver shall comply with CPLR 6401-6404 and ~~Section 35-a of the Judiciary Law~~, Section 1325 of the RPAPL, and it is further

ORDERED, that the Receiver shall apply to the Court in a separate application for any other managing services, and it is further

ENTER:



Hon. _____, U.S.D.J.

ORDERED, THAT THE RECEIVER MAY SET ASIDE FIVE PERCENT (5%) OF THE SUMS RECEIVED (ON A MONTHLY BASIS) BY THAT RECEIVER FOR PAYMENT OF HIS FEE IN A SEPARATE ACCOUNT IN HIS OWN NAME AS RECEIVER AT THE BANK DESCRIBED HEREIN, AND SUCH ACCOUNT SHALL SHOW THE NAME OF THIS ACTION AND SPECIFY THAT THE ACCOUNT IS FOR THE RECEIVER'S FEE AND THAT NO WITHDRAWALS ARE TO BE MADE UNTIL THE TERMINATION OF THE RECEIVERSHIP; and IT IS FURTHER

ORDERED, THAT THE RECEIVER MAY APPOINT A PROPERTY MANAGER TO BE PAID ~~[illegible]~~ FIVE PERCENT (5%) OF THE SUMS RECEIVED BY THE RECEIVERSHIP ON A MONTHLY BASIS.

ENTER:

4/15/11

-7-    US DISTRICT JUDGE
      SANDRA J FEUERSTEIN

## SCHEDULE A

<u>Fee Parcels</u>
(Suffolk County):

| | |
|---|---|
| Address: | 6401 Jericho Turnpike, Commack, NY |
| District: | 0400 |
| | |
| Section: | 222.00 |
| Block: | 03.00 |
| Lot: | 062.001 |

AND

| | |
|---|---|
| Section: | 223.00 |
| Block: | 01.00 |
| Lot: | 024.000 |

<u>PARCEL I</u>

BEGINNING at a point on the northerly side of Jericho Turnpike, N.Y.S. Route 25 where the easterly line of land now or formerly of John W. Nott and the westerly line of hereinafter described premises intersects said northerly side of Jericho Turnpike said point of beginning being distant 54.02 feet westerly when measured along the northerly side of Jericho Turnpike from the corner formed by the intersection of the said northerly side of Jericho Turnpike with the new westerly side of County Road 106 (Bread and Cheese Hollow Road a/k/a Town Line Road);

RUNNING THENCE north 08 degrees 16 minutes 10 seconds east and along the easterly line of land now or formerly of John W. Nott, 39.96 feet to the center of the old well;

THENCE north 09 degrees 33 minutes 10 seconds east, still along last mentioned land, 105.11 feet;

THENCE north 83 degrees 30 minutes 10 seconds west, still along last mentioned land, 72.74 feet to a monument;

THENCE north 07 degrees 10 minutes 20 seconds west, still along last mentioned land, 82.00 feet to a monument;

THENCE south 85 degrees 25 minutes 10 seconds east, still along last mentioned land and along land of Suffolk County, 94.79 feet to the new westerly side of County Road 106 (Bread and Cheese Hollow Road a/k/a Town Line Road);

THENCE southerly and along said westerly side of County Road 106 (Bread

-8-

and Cheese Hollow Road a/k/a Town Line Road) the following three courses and distances:

    1. South 14 degrees 46 minutes 33 seconds, 4.37 feet;

    2. Southerly along the arc of a curve bearing to the right having a radius of 1,383.40 feet, a distance of 207 feet;

    3. South 35 degrees 48 minutes 34 seconds west, 36.26 feet to the corner formed by the intersection of the northerly side of Jericho Turnpike with the westerly side of County Road 106 (Bread and Cheese Hollow Road a/k/a Town Line Road);

THENCE north 77 degrees 25 minutes 00 seconds west, along the northerly side of Jericho Turnpike, 54.02 feet to the point or place of BEGINNING.

PARCEL II

BEGINNING at a point on the northerly side of Jericho Turnpike distant 54.02 feet westerly from the corner formed by the intersection of the northerly side of Jericho Turnpike, N.Y.S. Route 25 with the new westerly side of County Road 106 (Bread and Cheese Hollow Road a/k/a Town Line Road), as widened;

RUNNING THENCE north 81 degrees 16 minutes 50 seconds east still along the northerly side of Jericho Turnpike, 236.44 feet;

THENCE south 84 degrees 00 minutes 30 seconds west, still along the northerly side of Jericho Turnpike, 150.00 feet to a monument and land now or formerly of George & Augusta Drummond;

THENCE north 12 degrees 03 minutes 04 seconds west (40 seconds west [actual survey]) along last mentioned land, 149.12 feet to a monument;

THENCE south 80 degrees 11 minutes 30 seconds west, still along last mentioned land, 0.58 feet to the easterly line of Map of Heatherwood at East Huntington Section 3, filed July 26, 1960 as File Number 3208;

THENCE northerly and easterly along the said easterly line and along the southerly line of last mentioned map along the southerly line of land now or formerly of John A. Bender, the following four courses and distances:

    1. North 11 degrees 53 minutes 20 seconds west, 229.55 feet;

    2. North 88 degrees 50 minutes 20 seconds east, 150.39 feet;

    3. North 85 degrees 37 minutes 30 seconds east, 225.70 feet;

    4. North 76 degrees 30 minutes 40 seconds east, 4.33 feet to a monument and land of Suffolk County;

THENCE along last mentioned land, south 24 degrees 01 minute 40 seconds east, 201.18 feet;

THENCE along land now or formerly of Ripley Associates the following five courses and distances:

1. North 85 degrees 25 minutes 10 seconds west, 59.13 feet;

2. South 07 degrees 10 minutes 20 seconds east, 82.00 feet;

3. South 83 degrees 30 minutes 10 seconds east, 72.74 feet;

4. South 09 degrees 33 minutes 10 seconds west, 105.11 feet;

5. South 08 degrees 16 minutes 10 seconds west, 39.96 feet to the point or place of BEGINNING.

EXCEPTING those portions of Parcels I and II which may or have been taken by the State of New York for the widening of Jericho Turnpike.

PARCEL III

ALL THAT CERTAIN plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being at Commack in the Town of Huntington, County of Suffolk and State of New York, bounded and described as follows:

BEGINNING at a point on the new westerly side of the Town Line Road (Bread and Cheese Hollow Road – County Route 106) where the same is intersected by the southerly boundary line of the "Map of Bender Plat" (filed November 20, 1991, Map No. 9167);

RUNNING THENCE in the southerly direction the following two courses and distances along the new westerly side of Town Line Road:

1. Along a curve bearing to the left having a radius of 607.96 feet, a length of 78.47 feet; and

2. South 14 degrees 46 minutes 33 seconds east, 130.54 feet;

THENCE north 85 degrees 25 minutes 10 seconds west, 35.66 feet to a point on a division line between the lands now or formerly of Nott, reputed owner on the west and the lands now or formerly of The County of Suffolk, reputed owner on the east;

THENCE along the last mentioned division line, north 24 degrees 01 minute 40 seconds west, 201.18 feet to the southerly boundary line of the "Map of Bender Plat" (filed November 20, 1991, Map No. 9167);

THENCE north 76 degrees 30 minutes 40 seconds east along the southerly boundary line of the last mentioned map, 71.06 feet to the new westerly side of Town Line Road, the point or place of BEGINNING.

NY 50948505.2